```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
United States of America,

         - against -                      MEMORANDUM & ORDER

                                          No. 22-cr-00029 (KAM)

John Porcello,


                    Defendant.
------------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

Before the Court is Mr. John Porcello's motion (1) to modify his restitution order such that interest be deemed fully paid, and (2) to order that the Bureau of Prisons ("BOP") stop taking $75 monthly payments from Mr. Porcello's commissary. (ECF No. 75, Motion ("Mot.").) The Court denies the motion.

On July 13, 2023, this Court sentenced Mr. Porcello to 35 months' imprisonment and 3 years' supervised release for violating 18 U.S.C. § 892(a), Extortionate Extension of Credit Conspiracy. (ECF No. 59, ("Judgment").) The Judgment included restitution of $100,265.80 due immediately, and if not paid immediately, then Mr. Porcello was to "make restitution payments in a minimum amount of not less $25 every 3 months while in custody." (Judgment at 5-7.)

The Restitution Order, entered the same day, explicitly required Mr. Porcello to pay interest, as required by law, 18 U.S.C. § 3612(f)(1), (ECF No. 59-2 ("Restitution Order") ¶ 4), and the Judgment explicitly refused to waive interest, (Judgment at 6.) Mr. Porcello also consented to entry of a $125,000 forfeiture money judgment. (Judgment at 7.)

Following his surrender in September 2023, the parties discussed the possibility of restoration to apply Mr. Porcello's forfeiture funds to his restitution obligations. (Mot. at 2.) In February 2024, the Department of Justice granted Mr. Porcello's restoration application, but not to the interest obligations that he still owed. (*See id.*); 28 C.F.R. § 9.8(c). Accordingly, BOP has been subtracting $75 per month from Mr. Porcello's commissary account toward his remaining interest obligations. (Mot. at 1.)

Mr. Porcello now moves to modify his Restitution Order pursuant to 18 U.S.C. § 3612(f)(3)(B) to deem the interest fully paid by his $75 monthly payments since his September 2023 incarceration. (*Id.* at 2.) His core argument is that it is unfair to continue paying $75 per month toward a restitution judgment, whose principal has been fully paid, simply to cover the remaining interest. (*Id.*) Mr. Porcello's counsel also notes that he "wrongly interpreted" the Restitution Order to limit payments to not more than $25 every three months, whereas the Judgment requires, as

2

noted, minimum restitution payments of *not less* than $25 every 3 months while incarcerated. (Judgment at 5 (emphasis added).)

## Discussion

As provided by law, a defendant "shall pay interest on any fine or restitution of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of the judgment." 18 U.S.C. § 3612(f)(1). In turn, "[i]f the court determines that the defendant does not have the ability to pay interest under this subsection, the court may - (A) waive the requirement for interest; (B) limit the total of interest payable to a specific dollar amount; or (C) limit the length of the period during which interest accrues." § 3612(f)(3)(A)-(C).

Further, the government notes that under 18 U.S.C. § 3664(o), "[a] sentence that imposes an order of restitution is a final judgment," notwithstanding limited circumstances which do not explicitly include § 3612.[1] (ECF No. 76 ("Gov't. Resp.") at 2-3.)

---

[1] Section 3664(o) provides in full: "A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that (1) such a sentence can subsequently be — (A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title; (B) appealed and modified under section 3742; (C) amended under subsection (d)(5); or (D) adjusted under section 3664(k), 3572, or 3613A; or (2) the defendant may be resentenced under section 3565 or 3614." 18 U.S.C. § 3664(o).

Mr. Porcello is not moving to correct his sentence under Rule 35 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3742; to appeal and modify his sentence under § 3742; to amend his sentence under subsection (d)(5); to adjust his sentence under §§ 3572 or 3613A; or to be resentenced under §§ 3565 or 3614. Although 18 U.S.C. § 3664(k) states in relevant part that "[u]pon receipt of the notification [of a material change in the defendant's economic circumstances], the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment

3

The government argues that although some Circuits explicitly have held that the circumstances in § 3664(o) are the exclusive means to modify a restitution order, the Second Circuit has not specifically addressed whether § 3664(o) is exhaustive but has noted that a "district court may not alter an imposed sentence, except in narrow circumstances[.]" *United States v. Kyles*, 601 F.3d 78, 83 (2d Cir. 2010); *see United States v. Metellus*, No. 08-CR-0332 (EK), 2020 WL 1864888, at *2 (E.D.N.Y. Apr. 14, 2020) ("Once the sentence is imposed...18 U.S.C. § 3664(o) states that a restitution order is a 'final judgment' and may only be 'modified' on appeal of the sentence....'Restitution is part of a criminal sentence, and so the district court's jurisdiction to vacate or modify a restitution order once issued is quite limited.'" (*quoting United States v. Baudanza*, No. 06-CR-0181 (RJD), 2014 WL 795639, at *4 (E.D.N.Y. Feb. 27, 2014) (citing *Kyles*, 601 F.3d at 83)).

The government also asserts that some courts in this Circuit have found that § 3612(f)(3) applies to restitution ordered at the time of sentencing and not to modifications of restitution orders after sentencing, or have not entertained decisions to waive interest after sentencing. *See, e.g.*, *United States v. Eberhard*,

---

[of restitution] in full, as the interests of justice require," Mr. Porcello is not moving under this subsection, nor have his economic circumstances materially changed, as noted below.

4

No. 03-CR-562 (RWS), 2012 WL 2568971, at *4 (S.D.N.Y. July 3, 2012) ("Section 3612(f)(3) 'appears to apply to restitution ordered at the time of sentencing, not to modification of restitution orders after their entry.'" (quoting *United States v. Messier*, No. 05-CR-279 (JBA), 2007 WL 1821687, at *1 (D. Conn. June 25, 2007) (collecting cases from other districts))); *United States v. Dembo* No. 04-CR-0702 (RPP), 2009 WL 2850846, at *1 (S.D.N.Y. Sept. 1, 2009) (refusing to modify interest requirement where request was not timely, citing Fed. R. Crim. P. 35).

The Court, however, need not decide whether § 3612(f)(3) applies to modify restitution interest obligations after sentencing. Mr. Porcello moves to limit the interest he owes to the $825 he has already paid pursuant to § 3612(f)(3)(B). Even assuming *arguendo* that § 3612(f)(3)(B) does apply to permit modification of restitution interest after sentencing, the section still requires the Court to determine that "the defendant does not have the ability to pay interest under this subsection[.]" § 3612(f)(3); *see also United States v. Fields*, No. 99-CR-0286 (KBJ), 2020 WL 32990, at *3 (D.D.C. Jan. 2, 2020) (construing *pro se* defendant's motion as, *inter alia*, one to waive restitution interest under § 3612(f)(3), acknowledging disagreement among federal courts as to whether § 3612(f)(3) authorizes modifications of interest payments after sentencing, but assuming that even if it did, defendant nonetheless "made no claim that she does not

5

have the ability to pay interest, much less provided any evidence to that effect" and denying motion).

Here, Mr. Porcello has failed to show that he lacks the ability to pay interest. Mr. Porcello makes two main points. First, he argues that it is inconsistent not to modify his interest obligations when this Court found at sentencing that he cannot pay a fine. (ECF No. 78, Defendant Reply ("Def. Reply") at 2; ECF No. 73, Sentencing Transcript ("Sent. Tr.") at 64:8-12.) The Court is unpersuaded that interest on his restitution should be excused. Mr. Porcello himself acknowledges that this Court did not impose a fine because restitution was a priority. (Def. Reply at 2; Sent. Tr. at 64:8-12); *see United States v. Messina*, 806 F.3d 55, 70-71 (2d Cir. 2015) (finding no abuse of district court's discretion not to waive interest on restitution ordered, despite defendant's argument "that the district court's decision not to impose a fine based on his inability to pay is inconsistent with its decision to allow for interest," because "the district court satisfactorily explained that its decision not to impose a fine was based, in part, on a desire for restitution, and presumably the interest attending it, to 'have a priority'").

Second, Mr. Porcello argues that he "is physically challenged with a serious back condition that has only worsened during his incarceration," which precludes him from earning a wage while

6

incarcerated. (Def. Reply at 2.) The Court is again not persuaded. Mr. Porcello specifically acknowledges that this Court contemplated his back condition (as it did his other health conditions) during sentencing, (Sent. Tr. 57:12-58:6), and yet still ordered restitution with interest.

Third, that Mr. Porcello finds it unfair to continue paying interest does not impact his ability to pay interest. Mr. Porcello has not offered any other evidence that his economic circumstances have changed from what this Court contemplated at his sentencing to justify modifying his interest obligations. Moreover, Mr. Porcello has overlooked the fact that restitution with interest is to compensate the victim for losses resulting from a defendant's offense and the use of those funds by the victim.

Finally, Mr. Porcello's reference to the decision by Judge Rakoff is inapposite. (*See* ECF No. 75-3.) There, the defendant moved to amend the restitution order to modify his court-ordered payment schedule, removing obligations to make restitution payments until after his release, which Judge Rakoff granted pursuant to 18 U.S.C. § 3664(k). Here, Mr. Porcello moves to cap his interest obligations at the amount he has already paid and is not moving to adjust his court-ordered payment schedule under § 3664(k) until after his release.

7

Accordingly, the Court respectfully denies without prejudice Mr. Porcello's request to modify his restitution order such that interest on the restitution be deemed fully paid.

**SO ORDERED.**

Dated:   September 19, 2024
         Brooklyn, New York

_____
KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York