```
United States District Court
Eastern District of New York
```

------------------------------------X

United States,

    - against -

John Porcello,

        Defendant.

------------------------------------X

**Memorandum and Order**

No. 22-cr-29 (KAM)

**Kiyo A. Matsumoto, United States District Judge:**

John Porcello is serving a 35-month prison sentence imposed on July 13, 2023. He presently moves to modify his sentence to time served, or in the alternative, to supervised release with a condition of home confinement, based on his health under 18 U.S.C. § 3582(c)(1)(A). Pursuant to 18 U.S.C. § 3553(a), and because Mr. Porcello does not show extraordinary and compelling reasons for the modification, the Court respectfully denies Mr. Porcello's motion.

## Background

Between 2016 and 2021, Mr. Porcello operated loansharking and sports gambling businesses, where he extended loans at extortionate interest rates to six different individuals typically required to pay rates of 5 percent a week. (ECF No. 73, Sentencing Transcript ("Sent. Tr.") at 42:16-43:2.) To ensure repayment, Mr.

Porcello threatened violence. (*Id.* at 43:9-15.)

On July 13, 2023, this Court sentenced Mr. Porcello to 35 months' imprisonment and 3 years' supervised release for violating 18 U.S.C. § 892(a), Extortionate Extension of Credit Conspiracy. (ECF No. 59.) At sentencing, the Court calculated an advisory Guidelines range of 57-71 months. (Sent. Tr. at 45:24-47:9.) The judgment included an order of restitution of $100,265.80 and forfeiture of $125,000.00. (ECF No. 59.) Mr. Porcello paid the forfeiture amount. (*Id.* at 48:18-24.) On July 15, 2024, he moved to modify his Restitution Order to deem his remaining interest obligations fully paid, which the government opposed. (ECF Nos. 75-76.) The Court denied his motion. (ECF No. 79.)

Mr. Porcello surrendered to Fort Dix FCI ("Fort Dix") on September 8, 2023. (ECF No. 80 ("Def. Mot.") at 1.) On November 8, 2024, he moved to reduce his sentence. (*Id.*) On November 21, 2024, the government opposed his motion. (ECF No. 81 ("Gov't. Resp.").) On November 25, 2024, Mr. Porcello replied. (ECF No. 83 ("Def. Reply").)

## Legal Standard

The federal compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), creates an exception to the general rule that a court may not modify a term of imprisonment after it has been imposed. To be eligible for compassionate release, a defendant

2

must (1) exhaust administrative remedies by requesting compassionate release from prison authorities, (2) show "extraordinary and compelling reasons" for reduction, (3) show the reduction accords with the sentencing factors in 18 U.S.C. § 3553(a); and (4) show that reduction is consistent with the Sentencing Commission's applicable policy statements. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021); *United States v. Vasquez*, No. 96-cr-1044 (HG), 2024 WL 2385264, at *2 (E.D.N.Y. May 23, 2024) (noting § 3582(c)(1)(A) required court to find if defendant fully exhausted administrative rights and consider if extraordinary and compelling reasons existed, if reduction was consistent with applicable policy statements, and assess § 3553(a) factors).

## **Discussion**

**I.   Exhaustion**

A defendant may move for a sentence reduction after the earlier of (1) exhausting all administrative rights to appeal a failure by the Bureau of Prisons to file a motion on the defendant's behalf or (2) the lapse of thirty days from the warden's receipt of any such request. § 3582(c)(1)(A). The exhaustion requirement is not a jurisdictional limitation. *See United States v. Saladino*, 7 F.4th 120, 121 (2d Cir. 2021). If the government does not raise an exhaustion defense, the court may

3

consider the merits of the defendant's motion. *See United States v. Romano*, 707 F. Supp. 3d 233, 236 (E.D.N.Y. 2023).

Mr. Porcello advised his counsel that he filed a request with Fort Dix's Warden "days before" admission to a hospital and "has not heard anything since that filing." (Def. Mot. at 1 n.1.) Mr. Porcello was hospitalized on approximately October 18, 2024. (Gov't Resp. at 5.) The parties do not indicate that the Warden responded to the request. Regardless, because the government does not raise an exhaustion defense, the Court may "consider the merits of [the] motion." *Romano*, 707 F. Supp. 3d at 236.

## II. Extraordinary and Compelling Reasons

The Sentencing Guidelines' relevant policy statement lists various medical circumstances that may, alone or together, show extraordinary and compelling reasons for a sentence reduction. *See* U.S.S.G. § 1B1.13(b)(1). Mr. Porcello relies on § 1B1.13(b)(1)(C), which states that extraordinary and compelling reasons exist where a "defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." § 1B1.13(b)(1)(C); (Def. Reply at 1.)

In addition to "chronic back pain with spinal stenosis" at the time of sentencing, Mr. Porcello generally suffered from "coronary artery disease, hypertension, multiple cardiac stents,

4

and high cholesterol." (Def. Mot. at 3 (quoting ECF No. 43, Presentence Investigation Report ¶¶ 98-103).) Mr. Porcello now argues that his age (62 years), plus his deteriorating health, including a recent "major spinal surgery" on November 4, 2024, constitute the requisite extraordinary and compelling reasons for a sentence reduction. (Def. Mot. at 1, 3.) Mr. Porcello has "severe spinal stenosis" that led to his "emergency" spinal surgery. (*Id.* at 3.) He also states his family feels he has "deteriorated rapidly" in custody, because he transitioned from using a cane to a wheelchair due to "debilitating back pain[.]" (*Id.*)

The Court sympathizes with Mr. Porcello's hospitalization and general medical challenges but finds they do not provide extraordinary and compelling reasons warranting a sentence reduction. Regarding his surgery and recovery concerns, Mr. Porcello says he is not being provided physical therapy or pain medication, and that Fort Dix has not addressed "his complaints of having no feeling in his feet" after his surgery, rendering him "wheelchair bound for the foreseeable future." (Def. Reply at 1-2 & n.1.) Mr. Porcello's medical records do not establish that he requires physical therapy. Records from the day after his surgery note that the "[p]lan is to consider bed rest and *then determine the need for post op physical therapy*," (Def. Mot. Exhibit A (emphasis added)), and no subsequent records indicate physical therapy was ordered. Even if physical therapy is required, but he

5

is not receiving it, a "claimed denial of access to physical therapy is not a basis for compassionate release." *United States v. Baptiste*, No. 15-cr-854 (SHS), 2024 WL 3425818, at *2 (S.D.N.Y. July 16, 2024); *see United States v. Guerra*, No. 10-cr-147 (NGG), 2020 WL 6700084, at *3 n.4 (E.D.N.Y. Nov. 13, 2020) ("[B]eing denied physical therapy does not create an extraordinary or compelling basis to reduce [defendant's] sentence").

Indeed, Mr. Porcello states that "the surgery was a success to the extent it alleviated the tremendous back pain," corroborated by medical records dated November 14, 2024, ten days after surgery, that state he "denies pain" and in fact "ambulated out of health services...in no apparent distress with a provided rolling walker." (Def. Reply at 2; Def Mot. Exhibit A.) A second health services visit dated November 17, 2024, about twelve days after surgery, again notes "[n]o complaints voiced." (Def. Mot. Exhibit A.) The Court recognizes that pain may be intermittent, but it does not find the requisite extraordinary and compelling reasons when considering the surgery, the recovery, Mr. Porcello's general chronic back pain, and other challenges, including coronary artery disease, hypertension, cardiac stents, and high cholesterol. These circumstances, although trying, are not of the significant nature contemplated by the Sentencing Commission. *See United States v. Fragoso*, No. 18-cr-179 (JMA), 2021 WL 5205633, at *2-3 (E.D.N.Y. Nov. 9, 2021) (denying reduction where defendant had spinal cord

6

and shoulder surgery, hypertension, high blood pressure, high cholesterol, elevated triglycerides, and anxiety, and required physical therapy after back surgery that had not been made available, and collecting cases where courts denied reductions to defendants with combinations of similar conditions).

The cases Mr. Porcello cites are not persuasive. First, as he acknowledges, many concern compassionate releases granted at the COVID-19 pandemic's peak, where reasons not typically considered extraordinary and compelling nonetheless warranted release. (*See* Def. Mot. 4-5); *see, e.g.*, *United States v. Sawicz*, 453 F. Supp. 3d 601, 605 (E.D.N.Y. 2020) (finding that, although "defendant's hypertension does not place him squarely within any of the Policy Statement's definitions of 'extraordinary and compelling reasons,'" defendant's assertion that the pandemic, combined with his particular vulnerability to complications from COVID-19 from hypertension, constituted extraordinary and compelling reason for release). Others concern defendants whose medical conditions are distinct from Mr. Porcello's. *See, e.g.*, *United States v. Martinez*, No. 19-cr-690-4 (KPF), 2024 WL 4582386, at *5 (S.D.N.Y. Oct. 25, 2024) (although defendant was cancer-free, court remarked on seriousness of defendant's medical issues, including Lymphoma diagnosis with high risk of recurrence and delayed initial diagnosis during incarceration).

7

Finally, Mr. Porcello emphasizes his rehabilitation efforts. (Def. Reply at 3-4.) Rehabilitation "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." § 1B1.13(d). The Court commends Mr. Porcello's rehabilitation efforts but does not find the combination of his medical circumstances and his "satisfactory work performance evaluations," completed self-improvement programs, and lack of incident reports to show the requisite extraordinary and compelling reasons for reduction. (Def. Reply at 3.); *United States v. Saleh*, No. 93-cr-181, 2020 WL 3839626, at *4 (S.D.N.Y. July 8, 2020) (denying compassionate release and noting that "a productive institutional record while incarcerated...is what is expected"), *aff'd sub nom. United States v. Elgabrowny*, No. 20-2254, 2022 WL 1701515 (2d Cir. May 27, 2022).

**III. Application of § 3553(a) Sentencing Factors**

Even assuming Mr. Porcello did show extraordinary and compelling reasons, the Court finds the 18 U.S.C. § 3553(a) sentencing factors do not favor granting his request for relief. *See United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) ("[E]xtraordinary and compelling reasons are necessary-but not sufficient-for a defendant to obtain relief under § 3582(c)(1)(A).").

The nature and circumstances of Mr. Porcello's offense, its seriousness, and the need to promote respect for the law, provide just punishment, and adequately deter criminal conduct weigh against reduction. As this Court stated during his sentencing, and emphasizes now, the offense is "serious," "very concerning," and "flagrant, in particular because of Mr. Porcello's previous conviction for the same conduct" before this same Court eleven years prior. (Sent. Tr. 51:20-24.)

Further, this Court not only already considered at sentencing many of Mr. Porcello's medical issues on which his motion currently relies, but also remarked at sentencing that Mr. Porcello "suffers from many of the same...health conditions, that he did the last time he was before this Court over ten years ago." (*Id.* at 57:12-25.) The Court emphasized then, as it does now, that Mr. Porcello's health conditions "did not preclude or deter [him] from committing the instant offense." (*Id.* at 54:17-24.)

Finally, Mr. Porcello's 35-month sentence falls below the advisory Guidelines' range of 57-71 months; Mr. Porcello's indication that he has been recommended for early release on home detention as of February 21, 2025, means he may serve even less than the 35-month sentence. (Def. Reply at 3.)

As noted, the Court commends Mr. Porcello's efforts toward rehabilitation and paying forfeiture and restitution. Nonetheless,

9

the Court's consideration of the § 3553(a) sentencing factors still warrant the respectful denial of Mr. Porcello's motion.

## Conclusion

For the reasons above, the Court respectfully denies Mr. Porcello's motion for sentence modification.

**So ordered.**

Dated: December 13, 2024
Brooklyn, New York

_____
**Kiyo A. Matsumoto**
United States District Judge
Eastern District of New York